UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D

JUL 12 2006

CIVIL ACTION NO. 05-329-GWU

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

DONNA ALLEN,                                                                PLAINTIFF,


VS:                              MEMORANDUM OPINION


JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT,


INTRODUCTION

Donna Allen brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits.  The case is before the Court on cross-motions for summary judgment.

APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled.  If no, proceed to Step 2.  See 20 C.F.R. 404.1520(b), 416.920(b).

2.     Does the claimant have any medically determinable physical or mental impairment(s)?  If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities?  If yes, proceed to step 4.  If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.     Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.     Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)?  If yes,

1

the claimant is disabled.   If no, proceed to Step 6.   See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.     Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled.   If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.     Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?   If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply.   Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id.   This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).   This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir.  1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs."   20 C.F.R. 404.1521, 416.921.   The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term.  Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985).   The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment,"  Landsaw v. Secretary of Health and Human Services,  803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987).  The plaintiff is said to make out a  prima facie case by proving that she or he is unable to return to this work.  Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.  1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

3

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range

4

of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Allen, a 32 year-old former dental assistant with a high school education, suffered from impairments related to chronic bronchial asthma, mild obstructive sleep apnea, obesity, and degenerative disc disease. (Tr. 20, 24). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 26-27). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 27). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 26).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Anne Thomas included an exertional limitation to light level work, along with such non-

5

exertional limitations as (1) an inability to stand for more than two hours a day; (2) an inability to walk for more than two hours a day; (3) an inability to more than occasionally bend, squat, crawl, climb, or reach above shoulder level; and (4) a need to avoid exposure to dust, fumes, or gases as well as marked changes in temperature and humidity. (Tr. 566-567). In response, the witness identified a significant number of jobs in the national economy which could still be performed. (Tr. 567-568). Therefore, assuming that the vocational factors presented to Thomas fairly characterized Allen's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question included all of the physical limitations identified by Dr. Jules Barefoot, an examining consultant. (Tr. 379). No treating or examining physician of record, including the staff at Marymount Medical Center (Tr. 136-147, 356-357, 382-387, 425-485), the staff at Memorial Hospital (Tr. 148-154, 245-292, 486-506), Dr. Faye Whiting (Tr. 232-244), the staff at the Burning Springs Medical Clinic (Tr. 297-320, 363-365, 392-394), the staff at the Brain and Spine Neurosurgical Center (Tr. 343-349, 388-391), and Dr. Aqeel Mandviwala (Tr. 395-424), identified the existence of more severe functional restrictions than those found by the ALJ. These reports provide substantial evidence to support the administrative decision.

The hypothetical question was also essentially compatible with the limitations reported by Dr. Sudideb Mukherjee (Tr. 325-332) and Dr. James Ross (Tr. 333-341), the non-examining medical reviewers, with the exception that the question did not include a need to avoid "moderate" exposure to vibration, as indicated by each reviewer. To the extent that these opinions are contrary to the ALJ's findings, they were offset by that of Dr. Barefoot, an examiner, because under the federal regulations, more weight is generally given to the opinion of an

6

examining source.[1]  20 C.F.R. Section 404.1527(d)(1).

Allen argues that the ALJ erred in assigning more weight to the opinion of a one-time examiner than to that of her treating physicians.  The plaintiff does not specify which treating physician's opinion was improperly rejected.  As previously noted, Dr. Barefoot was the only treating or examining doctor to express an opinion as to the plaintiff's work-related restrictions.  Perhaps this argument is a reference to John Sipple, a treating chiropractor, who did identify far more severe physical restrictions than those found by the ALJ.  (Tr. 293-296, 321-324).  However, the federal regulations at 20 C.F.R. Section 404.1513 indicate that a chiropractor is not considered to be an "acceptable medical source" whose opinion is binding on the administration.  Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir. 1997).  Thus, the ALJ could properly reject his opinion in favor of that of Dr. Barefoot.  Therefore, the Court must reject the claimant's argument.

Allen also argues that that her residual functional capacity is inconsistent with two of the alternative occupations cited by Thomas.  She bases this argument on information contained in the Dictionary of Occupational Titles (DOT).  The plaintiff notes that the DOT Section 920.587-018 concerning the job of hand packager indicates that one performing this work is subjected to "frequent" extreme heat and "frequent" other environmental conditions while DOT Section 700.684-014 concerning the position of assembler, states that one is subjected to "occasional" other atmospheric conditions.  She asserts that these factors are not compatible with the hypothetical question's restrictions relating to a need to avoid exposure to marked changes in temperature and

---

[1]The Court notes in passing that DOT Section 700.684-014 indicates that that exposure to vibration is "not present" in the job of assembler.

humidity as well as the need to avoid exposure to dust, fumes and gases.  She notes that Social Security Ruling 00-4p requires that such inconsistencies between the vocational expert's testimony and the DOT be addressed in the record.   Since Thomas only erroneously indicated that her testimony was consistent with the DOT, reversible error occurred.

The undersigned must reject Allen's argument.   With regard to the position of hand packager, the "frequent" exposure to extreme heat would appear incompatible with the hypothetical question's limitation concerning a need to avoid exposure to marked temperature extremes.  However, with regard to the position of assembler, DOT Section 700.684-014 indicates that exposure to weather, extreme cold, extreme heat, wetness and humidity is not present.  The DOT section does not specifically address the issue concerning exposure to dust, fumes and gases.  The only possible reference is a vague one to "other atmospheric conditions"  and the undersigned is not convinced that this is a sufficiently clear reference.  Thus, under the DOT, this job is not necessarily incompatible with the hypothetical question.  The jobs cited by Thomas are still a significant number even when the position of hand packager is not considered.  Thus, any error on the part of the ALJ on  this issue would appear harmless.[2]

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the Court must grant the defendant's summary judgment motion and  deny  that of the plaintiff.  A separate judgment and order will be

---

[2]Dr. Barefoot indicated only a "moderate" limitation concerning exposure to dust, fumes and gases rather than a total ban as perhaps suggested by the hypothetical question.  Arguably, the doctor's actual limitation is consistent with at least "occasional" exposure to these environmental pollutants.

8

entered simultaneously consistent with this opinion.

This the _____/2_____ day of July, 2006.

G. WIX UNTHANK
SENIOR JUDGE

9